# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BARBARA BOYD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STATE FARM FIRE AND CASUALTY )<br>COMPANY and ART BAIRD, )<br>)<br>Defendants. ) | Case No. CIV-14-1098-D<br>(District Court of Oklahoma County,<br>Oklahoma, Case No. CJ-2013-5581) |

**O R D E R**

Before the Court is Plaintiff's Motion to Remand [Doc. No. 7]. Defendant State Farm Fire and Casualty (State Farm) has not responded to the motion but instead filed a Motion to Conduct Jurisdictional Discovery and for Stay of Ruling on Plaintiff's Motion to Remand [Doc. No. 15].[1] These matters are fully briefed and ready for decision.[2]

## I.  Case Background and Procedural History

This action arises out of a May 20, 2013 tornado near Moore, Oklahoma . Plaintiff suffered damage to her home and property as a result of the tornado. A homeowners policy issued by State Farm insured the property. Defendant Art Baird (Baird) is the agent who sold the insurance policy to Plaintiffs.

On October 9, 2013, Plaintiff commenced this action in the District Court of Oklahoma County, State of Oklahoma against Defendants. The Petition alleges six causes of action. The first

---

[1]In State Farm's Motion to Conduct Jurisdictional Discovery, State Farm addresses the timeliness of removal and the issue of fraudulent joinder. Accordingly, the Court, in its discretion, declines to deem Plaintiff's Motion to Remand confessed due to State Farm's failure to file a response. *See* LCvR 7.1(g).

[2]Plaintiff has also submitted Notices of Supplemental Authority [Doc. Nos. 26-28].

two causes of action are brought against State Farm and include breach of contract and bad faith. The remaining four causes of action are brought against both State Farm and Baird and include negligence in the procurement of insurance, constructive fraud and negligent misrepresentation, negligence and breach of fiduciary duty. *See* Petition [Doc. No. 1-1].

The state court litigation proceeded for approximately one year before State Farm filed its Notice of Removal [Doc. No. 1] on October 7, 2014.[3] State Farm removed the action on grounds of diversity jurisdiction claiming that Baird, a non-diverse defendant, has been fraudulently joined.

## II. Discussion

The procedures for removal are set forth in 28 U.S.C. § 1446 and include specific requirements where removal is based on diversity of citizenship. As pertinent to the issues presented here, section 1446(b)(3) provides that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3).

### A. Timeliness of Removal

In its Notice of Removal [Doc. No. 1], State Farm asserts the action is timely removed utilizing the date of September 11, 2014. *See id.*, ¶ 35 ("State Farm is filing this Notice of Removal within thirty days of its receipt of Plaintiff's September 11, 2014 correspondence and her failure to

---

[3]Multiple actions filed in state court alleging similar claims against State Farm and its agents were simultaneously proceeding in Cleveland County District Court. The state court consolidated a number of these actions for discovery purposes. The present action appears to be the only action filed in the District Court of Oklahoma County and discovery issues, therefore, were addressed independently of the rulings made in the Cleveland County District Court consolidated proceedings. The Court makes note of this fact because the parties reference aspects of discovery matters at issue in the Cleveland County proceedings.

appear for her deposition."). Pursuant to the September 11, 2014 correspondence, Plaintiff's counsel agreed that Plaintiff could be deposed on October 1, 2014. *See* correspondence [Doc. No. 1-23]. The correspondence was precipitated by the state district court directing the parties to schedule Plaintiff's deposition prior to the expiration of the one-year removal period on October 9, 2014. *See* Transcript of Proceedings [Doc. No. 1-22] at p. 5*; see also* 28 U.S.C. § 1446(c) (providing that a case founded on diversity jurisdiction may not be removed under § 1446(b)(3) more than 1 year after commencement of the action).

The parties now vigorously dispute whether Plaintiff appeared for her deposition as scheduled on October 1, 2014. But there is no dispute that Plaintiff was never deposed. According to State Farm, Plaintiff's continued failure to appear for her deposition, in conjunction with "concessions" made by Plaintiff's counsel before the state court, establish that Baird has been fraudulently joined. *See* Notice, ¶ 36. The question before this Court, therefore, is whether the September 11, 2014 letter is sufficient to trigger removability. The Court finds it is not and, therefore, that remand is required.

Under § 1446(b)(3), an "other paper" must provide clear and unequivocal notice of the right to remove and should not be ambiguous. *Akin v. Ashland Chemical Co.*, 156 F.3d 1030, 1035-36 (10th Cir. 1998). The correspondence provides no information regarding the viability of Plaintiff's claims against Baird. Moreover, even if Plaintiff failed to appear for her deposition, nothing about her failure to appear establishes the absence of any viable claim against Baird so as to support fraudulent joinder. The Court finds, therefore, that removability of this action was not triggered by

3

the events relied upon by State Farm.[4] Accordingly, State Farm's removal was improper and untimely under the provisions of 28 U.S.C. § 1446(b)(3).

**B.     State Farm's Request for Jurisdictional Discovery**

The Court turns to State Farm's request to conduct jurisdictional discovery. Whether to grant the request is a matter within the Court's discretion. *See, e.g., McPhail v. Deere & Co.*, 529 F.3d 947, 954 (10th Cir. 2008). The Court finds adequate grounds for conducting such discovery have not been presented. State Farm casts blame on Plaintiff for the inability to depose her prior to the expiration of the one-year period.[5] However, the Court finds the record supports fault on the part of both parties regarding her deposition.[6] Moreover, State Farm fails to demonstrate that it utilized other available methods to obtain the information necessary to ascertain the viability of Plaintiff's claims against Baird while the case was still pending in state court and during the requisite one-year

---

[4]The Court rejects State Farm's argument that removal is nonetheless proper because Plaintiff waived any defects in State Farm's compliance with the removal procedures set forth in 28 U.S.C. § 1446(b). *See* State Farm's Memorandum [Doc. No. 16] at p. 16. State Farm fails to cite authority properly supporting its argument and has not demonstrated any unequivocal conduct by Plaintiffs that would support a waiver.

[5]State Farm does not invoke 28 U.S.C. § 1446(c) as a basis for deeming removal of the action timely. That provision requires a finding that "the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." *Id*. Even had State Farm relied upon § 1446(c), on the present record, the Court does not find a sufficient showing of any bad faith.

[6]The parties do not dispute that Plaintiff's deposition was to commence at 9:00 a.m. on October 1, 2015, that Plaintiff notified her counsel she was ill that morning, and that by agreement of the parties, the deposition would commence instead at 11:00 a.m. State Farm's counsel states that when Plaintiff did not present in the conference room at 11:00 a.m., he made a record of her non-appearance at 11:01 a.m. and left 3-4 minutes later. *See* Transcript of Record [Doc. No. 1-25]; *See also* Transcript of Proceedings [Doc. No. 7-6] at pp. 4-5. Plaintiff, however, was present at the office of her counsel where the depositions were to take place and a record was made of that fact at 11:08 a.m. *See* Videotaped Transcript of Record [Doc. No. 7-3] at p. 3. It is unclear why Defendant's counsel left in such a hurry. Both parties appear to be engaging in significant gamesmanship.

period.[7] Instead, State Farm focuses almost exclusively on its inability to secure Plaintiff's deposition – and in particular, on the events of October 1, 2014. *See, e.g.,*, State Farm's Memorandum [Doc. No. 16] at p. 16 ("[T]he event that triggered the right to removal here was Plaintiff's orchestrated non-appearance at her deposition."). State Farm now impermissibly seeks to conduct jurisdictional discovery to support a Notice of Removal that has already been filed. Defendant should have conducted the necessary investigation in state court.[8]

C.      **Plaintiff's Request for Attorney's Fees and Costs**

As a final matter, Plaintiffs request an award of attorney's fees and costs as a result of State Farm's improper removal pursuant to 28 U.S.C. § 1447(c). Plaintiffs's request is denied. Although the Court has determined remand is proper, the Court finds State Farm had an objectively reasonable basis upon which to remove this action. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Therefore, an award of attorney's fees and costs is not warranted.

---

[7] State Farm concedes that from the time the action commenced, the viability of claims against Baird constituted grounds for pursuing the issue of fraudulent joinder and, necessarily, therefore, removability. *See, e.g.,* Notice of Removal, ¶¶ 13, 16. As State Farm contends, the petition itself was "indeterminate" as to these issues. *See also* State Farm's Memorandum [Doc. No. 16] at p. 1 ("State Farm has believed from the outset that there is no factual basis for Plaintiff's purported claims against Baird, who was retired in 2013, and that he was fraudulently joined as a defendant in this action in order to defeat diversity jurisdiction.").

[8] The Court is aware of its decision in a related case, *Misner v. State Farm Fire & Cas. Co.*, No. CIV-14-873-D, 2014 WL 6879094 (W.D. Okla. Dec. 4, 2014), in which the Court permitted limited jurisdictional discovery on the issue of fraudulent joinder. Contrary to this case, there – prior to removal – the state district court set a deadline to complete depositions of the plaintiffs *after* the one-year deadline of § 1446(c)(1). The court did so based on the belief, albeit erroneous, that State Farm could remove based on the existing record and then ask to supplement its filing after depositions were taken. In *Misner*, after this Court permitted discovery, the matter was remanded as the Court determined State Farm failed to carry its heavy burden of establishing fraudulent joinder. *See id.* Order [Doc. No. 38] (Feb. 24, 2015).

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand [Doc. No. 7] is GRANTED.

IT IS FURTHER ORDERED that State Farm's Motion to Conduct Jurisdictional Discovery and for Stay of Ruling on Plaintiffs' Motion to Remand [Doc. No. 15] is DENIED.

IT IS FURTHER ORDERED that this matter is REMANDED to the District Court of Oklahoma County, State of Oklahoma.

IT IS SO ORDERED this 4th day of August, 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE